IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 6, 2012

## MARIO BATEMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 05-01008  Paula Skahan, Judge**

_____

**No. W2011-01178-CCA-R3-PC  - Filed July 12, 2012**

_____

The Petitioner, Mario Bateman, appeals from the Shelby County Criminal Court's denial of post-conviction relief from his conviction for first degree murder and resulting life sentence. On appeal, the Petitioner contends that he did not receive the effective assistance of counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Taurece A. Riley, Memphis, Tennessee, for the appellant, Mario Bateman.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy Weirich, District Attorney General; and Betsy Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner's conviction resulted from the shooting death of Cornelius Muhahmed. Although mortally wounded, the victim identified the Petitioner as the person who shot him. Evidence of the victim's dying declaration was admitted at the trial. The Petitioner unsuccessfully challenged the trial court's admission of the evidence in his direct appeal. State v. Mario Bateman a.k.a. Mario Woods, No. W2007-00571-CCA-R3-CD, Shelby County (Tenn. Crim. App. Oct. 28, 2008), perm. app. denied (Tenn. Mar. 23, 2009).

The Petitioner filed a pro se post-conviction petition alleging the ineffective assistance of counsel and prosecutorial misconduct. Appointed counsel amended the petition to include

allegations of the ineffective assistance of counsel. At the post-conviction hearing, the Petitioner pursued only the ineffective assistance of counsel claim. He claimed that trial counsel was ineffective in failing to file a motion to suppress the victim's dying declarations, failing to raise an issue about the victim's consciousness, awareness, and sanity at the time of the declarations, and failing to object or raise an issue in the motion for new trial about the prosecutor's comment in closing argument about the Petitioner's right to remain silent. On appeal, the Petitioner has challenged only trial counsel's failure to cross-examine two of the State's witnesses effectively about the victim's mental state and awareness when he identified the Petitioner as the shooter. The witnesses were Abraham Smith and the medical examiner.

Relevant to the issue raised on appeal, trial counsel testified at the post-conviction hearing that he did not think it was "relevant and necessary" to cross-examine the medical examiner about the effect of the gunshot wounds on the victim's consciousness. Counsel agreed that Abraham Smith testified that the victim faded in and out of consciousness and vomited before the police arrived. Counsel said he would "take [it] as a true statement" that it would have been prudent to ask the pathologist about the effect of low blood pressure on the victim's ability to think, respond to questions, and understand questions. He said that he considered hiring an independent investigator or forensic pathologist to testify about the effect a gunshot would have on a person's mental clarity but that he did not think it was necessary or would have changed the course of the trial testimony.

Trial counsel testified that in addition to the victim's identification of the Petitioner, Michael Watkins was in the car with the victim and identified the Petitioner by his voice and silhouette. He said the Petitioner wanted the defense theory to be that he did not commit the crimes. Counsel said that in his opinion, the better course was to present a voluntary manslaughter defense. He noted the history of animosity between the Petitioner and the victim, including a recent incident that required the Petitioner to get stitches. He said he and the Petitioner "came to loggerheads" over the Petitioner's proposed defense.

The transcript of the Petitioner's trial was received as an exhibit. It reflects Abraham Smith's testimony that the victim came to his home after being shot. He said the victim was standing and talking and was alert at first. He said the victim stated that he did not want to die but did not identify the shooter. He said that the victim lay on the ground, that the victim's eyes were "rolling," and that the victim vomited. He said that the police talked to the victim but that they pushed him away when they arrived. On cross-examination, trial counsel elicited from Mr. Smith that the victim became less coherent and more lethargic over time and that the victim was on the ground before the police arrived. Counsel did not cross-examine the medical examiner about the effects of gunshot wounds on a victim's alertness and cognitive ability.

In a written order, the trial court denied relief. Relevant to the issue raised in this appeal, the court found that the admissibility of the dying declaration was raised by trial counsel and litigated in the trial court and on appeal of the conviction. The court concluded that the Petitioner failed to prove his claim that trial counsel was ineffective with regard to evidence of the victim's alertness and cognitive ability when he made the dying declaration identifying the Petitioner.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2006).

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the Petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance fell below a reasonable standard is not enough because the Petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability means a "probability sufficient to undermine confidence in the outcome." Id.

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were "within the range of competence demanded of attorneys in criminal cases." Further, the court

stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir.1974), and United States v. DeCoster, 487 F.2d 1197, 1202–04 (D.C. Cir. 1973). Baxter, 523 S.W.2d at 936. Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See DeCoster, 487 F.2d at 1201; Hellard, 629 S.W.2d at 9.

The Petitioner argues that trial counsel should have cross-examined Mr. Smith and the pathologist in order to discredit the "only" evidence linking the Petitioner to the crime. Contrary to the Petitioner's assertion, the victim's identification was not the only evidence linking him to the crime. Michael Watkins identified the Petitioner by his voice heard after the first shot was fired and his silhouette as he fled the scene. State v. Mario Bateman, slip op. at 2. The transcript of the Petitioner's trial reflects that counsel elicited evidence from Mr. Smith about the victim's diminishing coherence and increasing lethargy. The Petitioner did not call Mr. Smith, the medical examiner, or offer any expert proof at the post-conviction hearing about the effect of gunshot wounds on a person's awareness and cognitive abilities. The Petitioner had the burden to prove his claim by clear and convincing evidence. T.C.A. § 40-30-110(f). This court cannot speculate what testimony might have been elicited by cross-examination of the witnesses or how the accuracy of the victim's identification of the Petitioner may have been compromised by the victim's injuries. See State v. Black, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) ("When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing."). The trial court did not err in concluding that the Petitioner failed to prove that counsel's performance was deficient or that he was prejudiced by counsel's performance. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE